United States District Court
Southern District of Texas
**ENTERED**
September 27, 2023
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | | |
|---|---|---|
| KEVIN MCCARTY and COURTNEY MCCARTY, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 6:22-CV-00037 |
| TACKLIFE INC., SHENZHEN TAKE TOOLS CO., LTD., WODESHIJIKEJI-SHENZHENYOU-XIANGONGSI d/b/a WORLDUS, and AMAZON.COM, INC., | § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

This is a state-law products liability and negligence case. Plaintiffs Kevin and Courtney McCarty's home, located in Victoria, Texas, sustained significant fire damage. The McCartys allege that the fire originated from a battery cell in a battery pack for a car jump starter which was designed, manufactured, and/or marketed by Defendant Tacklife Inc. ("Tacklife") or Defendant Shenzhen Take Tools Co., Ltd. ("Shenzhen"). The McCartys purchased the car jump starter from the Defendant Wodeshijikeji-Shenzhenyouxiangongsi (d/b/a "WorldUS") on Defendant Amazon.com, Inc.'s website.

Pending before the Court is Defendant Amazon.com, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint, (Dkt. No. 13). For the following reasons, the Court **GRANTS** the Motion and **DISMISSES WITHOUT PREJUDICE** Count V of Plaintiffs' First Amended Complaint, (Dkt. No. 10).

## I.   BACKGROUND[1]

On July 10, 2020, Plaintiffs Kevin and Courtney McCarty's home, located in Victoria, Texas, caught on fire.  (Dkt. No. 10 at 4).  The fire caused significant damage to the McCartys' home and personal property, including household goods, clothing, and other personal effects.  (*Id.*).  The McCartys allege that it was determined upon investigation that the origin and cause of the fire was a battery cell in a battery pack for a Tacklife Tools brand 600A Peak 12V Car Jump Starter, which was plugged in and charging in the McCartys' garage.  (*Id.*).  The McCartys believe that the jump starter was designed, manufactured, and/or marketed by Tacklife or Shenzhen.  (*Id.* at 4).  The McCartys claim that this particular jump starter was purchased by them in 2018 from WorldUS on Amazon's website.  (*Id.* at 4–5).  WorldUS operates a "storefront" on Amazon's website, which is a platform through which WorldUS advertises and sells its products.  (*Id.* at 5).

On July 7, 2022, the McCartys filed suit in state court against the Defendants.  (*See* Dkt. No. 1-3).  Shortly after, Amazon removed the case to this Court invoking diversity jurisdiction.  (*See* Dkt. No. 1).  On November 15, 2022, the McCartys filed an Amended Complaint asserting five separate causes of action: (1) a claim for strict products liability against Tacklife and Shenzhen, (2) a claim for negligence against Tacklife and Shenzhen, (3) a claim under the doctrine of *res ipsa loquitur* inferring negligence by Tacklife and

---

[1]    For purposes of addressing this Motion, the Court accepts all factual allegations in the Complaint as true and views them in the light most favorable to the McCartys.  *See White v. U.S. Corrections, L.L.C.*, 996 F.3d 302, 306–07 (5th Cir. 2021).

2

Shenzhen, (4) a claim for vicarious liability against WorldUS, and (5) a claim for negligent referral against Amazon.  (Dkt. No. 10 at 9–13).  Pending before the Court is Amazon's Motion to Dismiss, in which Amazon moves to dismiss the single claim asserted against it.  (*See* Dkt. No. 13).  With briefing now complete, the Court turns to the merits of the Motion.

## II.     LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss for "failure to state a claim upon which relief can be granted."  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than ... 'labels and conclusions.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*.  The defendant, as the moving party, bears the burden of proving that no legally cognizable claim for relief exists.  *Flores v. Morehead Dotts Rybak, Inc.*, No. 2:21-CV-00265, 2022 WL 4740076, at *2 (S.D. Tex. Sept. 29, 2022) (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed.)).

In reviewing a Rule 12(b)(6) motion to dismiss, a court must accept the plaintiff's factual allegations as true and view those allegations in the light most favorable to the plaintiff.  *White v. U.S. Corrections, L.L.C.*, 996 F.3d 302, 306–07 (5th Cir. 2021).  The court

must evaluate whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). "Dismissal ... is appropriate where the plaintiff fails to allege 'enough facts to state a claim to relief that is plausible on its face' and thus does not 'raise a right to relief above the speculative level.'" *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965).

## III.   DISCUSSION

In their Amended Complaint, the McCartys assert a claim for negligent referral against Amazon.  (Dkt. No. 10 at 12–13.)  The McCartys allege that Amazon owed them a duty to "use reasonable care when referring one person to another," and Amazon breached this duty by:

> (a) by referring Mr. McCarty to Defendant WorldUS, which sold Mr. McCarty a defective and unsafe product to Mr. McCarty on Defendant Amazon's website;
>
> (b) by referring Mr. McCarty to Defendant WorldUS without verifying that Defendant WorldUS was a duly organized and validly existing business, in good standing under the laws of the country in which it was registered;
>
> (c) by referring Mr. McCarty to Defendant WorldUS without verifying that Defendant WorldUS maintained any amount of liability insurance coverage;

4

> (d) by failing to ensure that Defendant WorldUS was accessible and available for Mr. McCarty to sue or receive compensation from if Mr. McCarty was harmed by the Tacklife Tools brand jump starter, leaving Mr. McCarty with no recourse;
>
> (e) by failing to use reasonable care when referring Mr. McCarty to Defendant WorldUS; and
>
> (f) by failing to act as a reasonably prudent person would have under the same or similar circumstances.

(*Id.* at 12).

In its Motion, Amazon argues that the McCartys' negligent referral claim must fail because it "is nothing more than a repackaged" products liability claim, and Texas law forecloses statutory and "negligence-based product liability claim[s] against entities—like Amazon here—who did not manufacturer or sell the [defective] product." (Dkt. No. 13 at 4–6). The McCartys respond that "Amazon's arguments are misplaced" because the McCartys "are not seeking to hold Amazon liable as a nonmanufacturing seller under Texas products liability law." (Dkt. No. 15 at 2). Instead, the McCartys argue that "Texas law allows a cause of action for negligent referral[,]" and Amazon is liable under that claim for failing to use reasonable care when referring the McCartys to WorldUS. (*Id.* at 2, 7–12). Amazon replies that the McCartys are attempting to recover damages on "a novel theory" of negligent referral, which has only been applied in "specific, limited circumstances, such as in the professional liability context[.]" (Dkt. No. 17 at 1–3). The Court agrees with Amazon.

Texas courts have acknowledged[2] negligent referral causes of action in the very limited circumstance of medical malpractice cases.  *See Jennings v. Burgess*, 917 S.W.2d 790, 793 (Tex. 1996) (assuming but not deciding that the plaintiff stated a cause of action for negligent referral against the defendant when the defendant referred the plaintiff to a doctor that later committed medical malpractice).  Outside of the medical context, Texas courts have never recognized a negligent referral cause of action in the commercial context where one business refers a consumer to another business.  And this Court declines the McCartys' invitation to recognize a negligent referral cause of action in the commercial context.

Even if the Court were so inclined—the Court is skeptical that Amazon would have owed the McCartys a duty to exercise reasonable care when referring them to WorldUS.  This case is distinguishable from medical malpractice negligent referral cases because in those cases, the duty of care arose out of a fiduciary or special relationship.  *Pied Piper, Inc. v. Datanational Corp.*, 901 F.Supp. 212, 215 (S.D. W. Va. 1995).  And the McCartys seem to recognize this distinction.  (Dkt. No. 15 at 8–9) (stating that "[i]n the context of commercial transactions, when one business entity [sic] refers another business entity to a third party, some courts have found that no duty exists").

To be fair, the McCartys do argue that a fiduciary or special relationship is not required to create a duty of care in this case.  (*Id.* at 11).  And to the extent that a fiduciary

---

[2]     The Court is hesitant to go as far as to say that Texas courts have *recognized* a negligent referral cause of action.  For example, in *Jennings v. Burgess*, the Texas Supreme Court did not address the validity of the plaintiff's negligent referral claim, but instead opined only on the statute of limitations issue.  *See Jennings v. Burgess*, 917 S.W.2d 790, 794 (Tex. 1996).

or special relationship is required, the McCartys argue that the Court should consider "the relationship between Amazon and Mr. McCarty as an Amazon Prime member" and "the relationship between Amazon and WorldUS as a third party [sic] seller on Amazon's website, over which Amazon exercised a considerable amount of control."  (*Id.*). However, the Court is unpersuaded that either of these considerations create a fiduciary or special relationship.  *See e.g.*, *Pied Piper*, 901 F.Supp. at 215 (holding that no fiduciary or special relationship "exist[s] between commercial entities dealing with one another at arm's length").  Because the McCartys' negligent referral claim relies on a theory of liability not recognized under Texas law, the Court dismisses this claim.

## IV.    CONCLUSION

Considering the foregoing analysis, the Court **GRANTS** Defendant Amazon.com, Inc.'s Motion to Dismiss Plaintiffs' First Amended Complaint, (Dkt. No. 13).  The Court **DISMISSES WITHOUT PREJUDICE** Count V of Plaintiffs' First Amended Complaint, (*see* Dkt. No. 10 at 12–13).

It is SO ORDERED.

Signed on September 27, 2023.

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**