IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| **KEVIN MCCARTY** <br> **and** <br> **COURTNEY MCCARTY,** <br><br> Plaintiffs, <br><br> V. <br><br> **TACKLIFE INC.** <br> **and** <br> **SHENZHEN TAKE TOOLS CO., LTD.** <br> **and** <br> **WODESHIJIKEJISHENZHENYOUXIAN-** <br> **GONGSI D/B/A WORLDUS** <br> **and** <br> **AMAZON.COM, INC.,** <br><br> Defendants. | Civil Action No. 6:22-CV-00037 |

## PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST TACKLIFE, INC.

Plaintiffs ask the Court to grant Plaintiffs' Motion for Defendant Judgment against Tacklife Inc. as authorized by Rule 55 of the Federal Rules of Civil Procedure.

### INTRODUCTION

1. Plaintiffs are Kevin McCarty and Courtney McCarty;[1] Defendants are Tacklife Inc., Shenzhen Take Tools Co., Ltd., Wodeshijikejishenzhenyouxiangongsi d/b/a WorldUS ("WorldUS").

2. Amazon.com, Inc.'s ("Amazon") motion to dismiss was granted on September 27, 2023.

---

[1] This lawsuit is being brought and prosecuted by USAA Casualty Insurance Company pursuant to its subrogation rights with respect to payments it made to/on behalf of Plaintiffs under a homeowners insurance policy.

3. On July 7, 2022, Plaintiffs filed their Original Petition and Jury Demand in the 135th Judicial District Court of Victoria County, Texas, assigned Cause Number "22-07-88801-B".

4. On August 15, 2022, Tacklife, Inc. was served with a summons and a copy of Plaintiffs petition by certified mail. *Ex. A, Original Petition and Citation.*

5. Defendant did not file a responsive pleading or otherwise defend the suit.

6. Default was entered against Tacklife Inc. on September 22, 2023.

7. Plaintiffs incorporate by reference its First Amended Complaint.

8. Plaintiffs are entitled to have their motion for default judgment granted.

9. Defendant's last known address is 24 Werman Court, Plainview, New York 11803. *Ex. B, Certificate of Last Known Address of Tacklife, Inc.*

## ARGUMENT

10. A court is empowered to enter a default judgment against a defendant who fails to defend its case. Flynn v. Williams Masonry, 233 F.R.D. 176, 177 (D.D.C. 2005), amended sub nom., Flynn v. Masonry, 444 F. Supp. 2d 221 (D.D.C. 2006).

11. Prior to the issuance of a default judgment under Rule 55(b), there must be an entry of default pursuant to Rule 55(a). Tarbell v. Jacobs, 856 F. Supp. 101, 104 (N.D.N.Y. 1994). This requirement has been satisfied as default was entered against Tacklife Inc. on September 22, 2023, by the court clerk for Tacklife Inc.'s failure to file a responsive pleading within 21 days after August 19, 2023, the date of service.

## DAMAGES

12. "If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—

must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." FED. R. CIV. P. 55(b)(1). Here, Plaintiffs' claim is for a sum certain or a sum that can be made certain by computation.

13.     Plaintiffs asks the Court to render a default judgment establishing Tacklife Inc.'s liability and award Plaintiffs damages in the amount of $1,202,280.36, as well as additional costs of court, and pre- and post-judgment interest.

14.     The total amount paid by USAA CIC to its insured is $1,196,212.06, and the insureds' uninsured loss totals $6,068.30. *Business Record Affidavit of Joseph LaRochelle*. Plaintiffs also request recovery of additional costs of court, and pre- and post-judgment interest.

### PRAYER

15.     For these reasons, Plaintiffs asks the Court to grant this motion and to sign a default judgment on liability and to sign a default judgment for the amount of $1,202,280.36, plus additional costs of court, and pre- and post-judgment interest.

Respectfully submitted,

BY: /s/ David H. Fisk

David H. Fisk
Texas State Bar No. 24050602
1717 Main Street, Suite 3650
Dallas, Texas 75201
Telephone: (214) 974-7399
Facsimile: (312) 601-2402
Email: dfisk@ghlaw-llp.com

**ATTORNEY FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2024, a true and correct copy of the foregoing was served on the following counsel of record via the Court's CM/ECF system and/or by direct email:

Clifford L. Harrison and Teia Kelly
Munsch Hardt Kopf & Harr, P.C.
700 Milam Street, Suite 800
Houston, TX 77002

**Attorneys for Defendant Amazon.com, Inc.**

_____
David H. Fisk