United States District Court
Southern District of Texas
**ENTERED**
September 03, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| KEVIN MCCARTY and COURTNEY MCCARTY, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 6:22-CV-00037 |
| TACKLIFE INC., | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Kevin and Courtney McCarty's home, located in Victoria, Texas, sustained significant fire damage when a battery cell inside a car jump starter ignited. According to the McCartys, the jump starter was designed, manufactured, and marketed by Defendant Tacklife Inc. ("Tacklife") or Defendant Shenzhen Take Tools Co. ("Shenzhen"). The McCartys bought the jump starter from Defendant Wodeshijikeji-Shenzhenyouxiangongsi (d/b/a "WorldUS") on Defendant Amazon.com, Inc.'s online store.

Pending before the Court is the McCartys' Motion for Default Judgment Against Tacklife, Inc. (Dkt. No. 30). For the reasons below, the Court **DENIES** the Motion **WITHOUT PREJUDICE**.

### I.   BACKGROUND

The McCartys' allegations are as follows: On July 10, 2020, Plaintiffs Kevin and Courtney McCarty's home in Victoria, Texas, caught fire. (Dkt. No. 10 at 4). The fire damaged the McCartys' home and personal property, including household goods,

clothing, and other personal effects. (*Id.*). An investigation revealed that the origin and cause of the fire was a cell in a battery pack for a Tacklife Tools brand 600A Peak 12V Car Jump Starter, which was plugged in and charging in the McCartys' garage. (*Id.*). The jump starter at issue was designed, manufactured, and marketed by Tacklife or Shenzhen and was purchased in 2018 from WorldUS on Amazon's website. (*Id.* at 4–5). WorldUS operates a "storefront" on Amazon's website—a platform through which WorldUS advertises and sells its products. (*Id.* at 5).

On July 7, 2022, the McCartys filed suit in state court against Defendants. (*See* Dkt. Nos. 1-3). Amazon removed the case to this Court invoking diversity jurisdiction. (*See* Dkt. No. 1). On November 15, 2022, the McCartys filed an Amended Complaint asserting five causes of action: (1) a claim for strict products liability against Tacklife and Shenzhen, (2) a claim for negligence against Tacklife and Shenzhen, (3) a claim under the doctrine of *res ipsa loquitur* inferring negligence by Tacklife and Shenzhen, (4) a claim for vicarious liability against WorldUS, and (5) a claim for negligent referral against Amazon. (Dkt. No. 10 at 9–13).

Defendant Amazon.com Inc. filed a Motion to Dismiss Plaintiffs' First Amended Complaint, (Dkt. No. 13), which the Court granted, (Dkt. No. 26). Subsequently, the McCartys voluntarily dismissed Defendants Shenzhen and WorldUS. (Dkt. No. 29). That left only Defendant Tacklife Inc., against whom Clerk's Entry of Default was entered. (Dkt. No. 25). Plaintiffs have now moved for default judgment against Tacklife.

## II. LEGAL STANDARD

As the Fifth Circuit has explained, default judgment is appropriate after: (1) the defendant has defaulted, i.e., has failed to timely plead or otherwise respond to the complaint; (2) entry by the clerk of court when default is established by affidavit or otherwise; and (3) application by the plaintiff for a default judgment after the entry of default. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); *see* Fed. R. Civ. P. 55;

To obtain a default judgment, plaintiffs must submit evidence showing that the defendant has been properly served with the summons, complaint, and the default judgment motion. *See James Avery Craftsman, Inc. v. Sam Moon Trading Enters., Ltd.*, No. 5:16-CV-00463, 2018 WL 4688778, at *3 (W.D. Tex. July 5, 2018) (citing *Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649–51 (5th Cir. 1988); S.D. Tex. R. 5.5 ("Motions for default judgment must be served on the defendant-respondent by certified mail (return receipt requested)."). Without proper service, a district court does not have personal jurisdiction over the defendant, and any default judgment is void. *See Recreational Props., Inc. v. Sw. Mortg. Serv. Corp.*, 804 F.2d 311, 314 (5th Cir. 1986).

## III. DISCUSSION

On August 15, 2022, Plaintiffs served Tacklife with a summons and a copy of the McCartys' Original Petition and Jury Demand by certified mail. (Dkt. No. 30-1). Tacklife did not file a responsive pleading or otherwise defend the suit. On this basis, the McCartys requested a clerk's entry of default against Tacklife, attaching proof of service of the original petition. (Dkt. Nos. 24, 24-1). The Clerk entered default against Tacklife on September 22, 2023. (Dkt. No. 25).

Prior to requesting the entry of default, however, the McCartys had amended their complaint on November 15, 2022. (Dkt. No. 10). "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam). The McCarty's amended complaint does not refer to the original petition or incorporate it by reference. (*See* Dkt. No. 10). And so, the proof of service the McCartys provided *for the original petition* is of no legal significance.

When the McCartys filed their amended complaint and motion for default judgment, they certified that "a true and correct copy of the foregoing was served on the following counsel of record via the Court's CM/ECF system and/or by direct email: . . . Attorneys for Defendant Amazon.com, Inc." (Dkt. No. 10 at 15); (Dkt. No. 30 at 4). They did not mention Tacklife in these certificates of service. Amazon is the only Defendant who appeared, and thus is the only one in the Court's CM/ECF system. Thus, service through the CM/ECF system would not have absolved the McCartys of the responsibility of serving Tacklife with the amended complaint.

The McCartys have failed to provide proof of service on Tacklife of the amended complaint or motion for default judgment. So, the Court cannot move forward with assessing whether default judgment is otherwise appropriate.

## IV.  CONCLUSION

Considering the foregoing, the Court **DENIES** Plaintiffs' Motion for Default Judgment Against Tacklife, Inc. (Dkt. No. 30) **WITHOUT PREJUDICE**.

4

It is SO ORDERED.

Signed on September 2, 2024.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**